JAS. G. BELL ET AL. *v.* JAMES REDMAN.

**Dower—Conveyance in Lieu of Dower.**

Where property was conveyed to a wife in lieu of dower in other property, the court will not disturb her right to the property which accrued prior to the debt sought to be enforced against the husband and to subject the property.

APPEAL FROM LARUE CIRCUIT COURT.

October 18, 1873.

OPINION BY JUDGE PRYOR:

The evidence in the case shows a refusal on the part of Mrs. Redmen to relinquish her dower in the house and lot sold by her husband to Larue, unless the latter would secure her in another house. The husband paid for the lot bought of Read with his own means, and this liquidated claim of the wife never having been satisfied, a short time prior to the institution of appellants' action on the note, which was in 1862, he had the title to the lot made to the wife. He paid only one hundred dollars for it, and the improvements did not cost him exceeding one hundred and fifty dollars. The equity of the wife existed before the debt to appellants was created; and having been satisfied by this conveyance of property, not exceeding in value the amount to which she was entitled, this court will not disturb her right to the property. It is not material, we think, to enquire how the lot from Read was paid for, except so far as it may affect the credibility of the son's statements. If this agreement or promise was made by the husband to the wife, as alleged, by which she was induced to part with her potential right of dower, the conveyance should be annulled. The facts in the case will not authorize a chancellor to disregard the son's statement.

The chancellor acted properly in dismissing the petition absolutely, as her potential right of dower in the Larue house and lot was worth fully as much as the property conveyed to her.

Judgment *affirmed.*

*H. S. Johnson, Chelf,* for appellants.

*Read & Twyman, Murray,* for appellee.